[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11676
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20914-WPD-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY ROY TARVER,
a.k.a. J Baby,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2014)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Johnny Tarver appeals his below-guideline sentence of 180 months'

imprisonment, imposed after he pleaded guilty to conspiracy to possess with intent

to distribute cocaine, cocaine base ("crack cocaine"), and marijuana.  On appeal, he argues that the district court imposed an unreasonable sentence based on the 18 U.S.C. § 3553(a) sentencing factors and the disparity between Tarver's sentence and the sentences of his codefendants.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the factors in § 3553(a).  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We determine whether the sentence is substantively reasonable based on the totality of the circumstances.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the

2

Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* §§ 3553(a)(1), (3)–(7).

We will hold the sentencing decision substantively unreasonable only if we are left with the firm conviction that the district court committed a clear error in judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010). We do not automatically presume that a sentence within the guideline range is reasonable, but we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That the sentence imposed was below the statutory maximum penalty can serve as an indicator that the sentence imposed was reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Tarver argues that his sentence was greater than necessary to achieve the sentencing goals under the factors set forth in 18 U.S.C. § 3553(a). He argues that the court failed to account for his horrific childhood—two of his brothers were murdered and he was a drug addict since the age of 14. At sentencing, he personally apologized to his family and asked for leniency. He states that he took full responsibility for his conduct, knew it was wrong and that he had to be punished, and begged the court for mercy. He further noted that he had previously stayed out of trouble for more than three years and told the district court that he

3

had just slipped up while trying to help out a friend.  The district court imposed an eight-month downward variance from the advisory guideline range after explicitly taking into account the mitigating factors cited by Tarver on appeal.  Despite these mitigating factors, Tarver had an extensive criminal history, and his repeated criminal behavior suggests that a substantial sentence was necessary to protect the public from his drug dealing.  *See* 18 U.S.C. § 3553(a)(2).  Accordingly, the district court did not abuse its discretion in varying downward and imposing a below-guideline sentence that was substantially below the statutory maximum term of 40 years' imprisonment.  *See Gonzalez*, 550 F.3d at 1324; *Hunt*, 526 F.3d at 746.

Tarver next argues that the district court failed to avoid an unwarranted sentencing disparity by giving him a sentence disparate in comparison to the sentences given to his codefendants.  Four of his codefendants received sentences of 144 months, 100 months, 151 months, and 128 months, respectively.  He argues that his 180-month sentence represents a significant disparity between these sentences.  We have held that bare numbers comparing the defendant's sentence to the sentences of other defendants convicted of similar crimes without context is insufficient to establish that the defendant's sentence is substantively unreasonable. *United States v. Campbell*, 491 F.3d 1306, 1317 (11th Cir. 2007) ("[t]he statistics [the defendant] cites are bare numbers without context and, therefore, do not

persuade us that his sentences are unreasonable.").  That Tarver's sentence is greater than the sentences given to his codefendants is insufficient to show his sentence is unreasonable.  Tarver provides only raw numbers comparing the length of his sentence to the sentences of his codefendants; he fails to provide us with the guideline calculations and criminal histories of these codefendants.  Without more information he cannot show that any of these codefendants are in fact similarly situated to him.  *See Campbell*, 491 F.3d at 1317.  The district court is affirmed.

**AFFIRMED.**